UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| EARNEST STRONG, JR. | ) CASE NO. 18-58250-LRC |
| | ) |
| DEBTOR. | ) |

### CHAPTER 13 TRUSTEE'S
### OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. As unsecured creditors will receive less than in a Chapter 7 liquidation, the Plan does not conform to 11 U.S.C. Section 1325(a)(4).

2. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3. The Debtor has failed to provide copies of all part-time pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

4. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $1,356.00 per month retirement income and $450.00 per month part-time employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2016 and 2017 or serve an affidavit upon the appropriate taxing authorities.

6. The Debtor has failed to provide the Trustee with a copy of the 2015 federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

7. Pursuant to information received from the Internal Revenue Service, 2016 and 2017 tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. The Debtor should provide proof of the fair market value of Debtor's residence so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

9. The proposed budget reflected in the Debtor's schedules appears to provide insufficient funds for ordinary living expenses and may indicate that the Plan is not feasible. 11 U.S.C. Section 1325(a)(6).

10. The Chapter 13 Plan fails to provide treatment of the filed secured claim of Wells Fargo Bank, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

11. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

12. Debtor has failed to file a Certificate of Manner of Service showing proper service pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

13. The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Mandy K. Campbell
Mandy K. Campbell
Attorney for Chapter 13 Trustee
GA Bar No. 142676

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| EARNEST STRONG, JR. | ) | |
| | ) | CASE NO.: 18-58250-LRC |
| | ) | |
| DEBTOR. | ) | |

18-58250-LRC                    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    EARNEST STRONG, JR.
    4112 MISTYMORN LANE
    POWDER SPRINGS, GA  30127

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Thursday, July 5, 2018

/s/
Mandy Campbell
GA Bar No. 142676
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:    678-510-1450